**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **1 TOM PLUMBER GLOBAL INC.** | **:** | Case No.: 1:25-CV-00396 |
| | **:** | |
| Plaintiff, | **:** | Judge Jeffery P. Hopkins |
| | **:** | |
| v. | **:** | |
| | **:** | |
| **BLUE RIDGE PLUMBING AND DRAIN** | **:** | |
| **LLC, et al.,** | **:** | |
| | **:** | |
| Defendants. | **:** | |

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANTS JOSH WARREN AND TONI WARREN

---

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Plaintiff 1 Tom Plumber Global Inc. ("Plaintiff" or "1 Tom Plumber") propounds the following Interrogatories and Requests for Production of Documents for answering by Defendants Josh Warren and Toni Warren (collectively, "Defendants"). These Interrogatories are to be answered by Defendants under oath, and served upon Plaintiff's undersigned attorney.

If any of these Interrogatories cannot be answered in full, after exercising due diligence to secure the information to do so, please answer to the extent possible, specifying the reasons for your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portion.

In addition, please take notice that pursuant to Federal Rule of Civil Procedure 34, Plaintiff further requests that Defendants produce for inspection and copying the originals, or if there are no originals, copies of the documents and items described or requested herein. In accordance with the provisions of Federal Rule of Civil Procedure 34, as a reasonable time, place and manner for

said production and inspection, Plaintiff specifies the offices of Cors & Bassett, LLC, PNC Center, Suite 900, 201 E. Fifth Street, Cincinnati, Ohio 45202 where the inspection and selection for photocopying of documents shall take place.

In lieu of personal production of the requested documents at the above-indicated place and time, you may provide electronic copies and/or mail copies of the requested documents to the offices of Cors & Bassett, 201 E. Fifth Street, Suite 900, Cincinnati, Ohio 45202, so long as the copies are completely legible; are received together with your answers to these Interrogatories; and any copying expense in excess of $50.00 is agreed-upon by counsel prior to incurring such expense.

As to each document you withhold from production, please identify it by description (memos, contract, letters, handwritten notes, etc.) date, author, recipient(s), number of pages and subject matter, and state the basis for the refusal to produce it.

You are requested to segregate documents produced according to the particular numbered request to which they respond, and in producing the required documents, to indicate which documents pertain to which numbered request.

This Request for Production of Documents is intended to cover all documents in the possession of Defendants or subject to its control or custody, including documents in the possession of his agents, attorneys, or other representatives, wherever located.

These Interrogatories and Requests for Production of Documents shall be continuing in nature, requiring timely additions or supplementation as further answers, information and documents become available to Defendants and/or Defendants' agents or attorneys.

## <u>INSTRUCTIONS</u>

1.      These Requests call for the production of all responsive documents in your possession, custody or control, or in the possession, custody or control of your employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint venturers, brokers, accountants, financial advisors, representatives and agents or other persons acting on your behalf, without regard to the physical location of such documents.

2.      In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents or any other persons acting on your behalf.  If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each such document.  If your response is that documents are not under your control, identify who has the control and the location of the documents.

3.      In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents or any other persons acting on your behalf.  If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each such document.  If your response is that documents are not under your control, identify who has the control and the location of the documents.

   a)      identifying the document;
   b)      describing where the document is now;
   c)      identifying who has control of the document;
   d)      describing how the document became lost or destroyed or was transferred; and
   e)      identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

4.      All documents are to be produced as they are kept in the usual course of business with any identifying labels, file markings or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein.  If there are no documents in response to a particular request, you shall state so in writing.

5.　　Electronically stored information (ESI) must be produced in PDF format, or in the native format if PDF is not possible, with corresponding load files containing the document's text and all available metadata.

6.　　Each request contemplates production of all documents in their entirety.  If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

7.　　If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege or other protection from disclosure such as the work product doctrine or other business confidentiality or trade secret protection, set forth separately with respect to each document:

a)　　the dates on which the document or communication was prepared, transmitted, and received;

b)　　the name and job title of each author, addressee, and recipient of the document or communication;

c)　　the name and job title of each person who was furnished with or was privy to the document or communication, who had possession of the document or any copy or other manifestation of the document or communication, and/or who had access to the contents of the document or communication;

d)　　the number of pages in the document or communication (or equivalent measure of length, as appropriate);

e)　　the nature and subject matter of all information you contend is protected from discovery;

f)　　each and every basis under which the information, document, and/or communication is withheld;

g)　　the precise legal and factual basis upon which the privilege or other asserted ground for non-production is claimed;

h)　　the number of the discovery request or requests to which the information in question is or may be responsive; and

i)　　any other information sufficient to enable a full assessment of the applicability of the privilege or protection claimed.

8.　　If any portion of any document is responsive to any Request, then the entire document must be produced.  Documents produced pursuant to these Requests shall be produced in the order in which they appear in your files and shall not be shuffled or otherwise rearranged.

Please bates number (i.e., mark each page with an appropriate identification or a recognizable abbreviation or symbol, and place consecutive numbers on each page) all documents responsive to these Requests, referencing such corresponding number or number range in your responses.

9.      To the extent you assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine or another protection) and non-privileged information, the non-privileged portions of the document must be produced, indicate for each such document the portion of the document withheld by including the words "MATERIAL REDACTED" on the document in an appropriate location that does not obscure the remaining text.

10.     Where an Interrogatory calls for an answer in more than one part, each part should be separated so that the answer is clearly understandable.

11.     You are reminded that all answers and responses must be made separately and fully and that an incomplete or evasive answer is a failure to answer.

12.     Spaces for your answers have been provided beneath each Interrogatory; however, should there not be sufficient space to complete your answer, you may complete it in sequence on a separate appendix to the answer which has been appropriately identified.

## **DEFINITIONS**

13.     COMMUNICATION.  As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, emails, text messages, instant messages, interviews, consultations, agreements, and other understandings between or among two or more persons.

14.   DOCUMENTS.  As used herein, the term "document" means any medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the original or copies of any written, recorded, or graphic matter, however produced or reproduced, including, but not limited to, any book, pamphlet, periodical, letter, correspondence, telegram, email, SMS or text message, invoice, contract, purchase order, estimate, report, memorandum, intra-office communication, working paper, record, study, paper, worksheet, cost sheet, estimating sheet, bids, bills, time cards, work records, chart, graph, index, data sheet, data processing card, tape recordings or transcription thereof, photographs, objects, or tangible things and all other materials of conversations, meetings, and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control, in the possession, custody or control of your agents or attorneys, or which was, but is no longer in, your possession, custody or control, which would constitute or contain evidence relating to any matter which is relevant to the subject matter involved in this proceeding.

15.   EXPERT.  As used herein, "expert" means a person who has been consulted by a party and whom counsel for such party plans to call as a witness at time of trial to testify concerning matters requiring expertise, knowledge, skill, education, training and experience not possessed by ordinary lay people.

16.   IDENTIFICATION.  As used herein, the terms "identification," "identify," or "identity" when used in reference to a person or persons mean to state the name, address, and telephone number of each such person and the name of the present employer and place of employment of each such person. When used in reference to a document or documents such terms mean to describe each document by date, subject matter, name of each person who wrote, signed, initialed, dictated or otherwise participated in the creation or obtaining of such document, the name

6

of the addressee (if any) and, if it now exists, the name and address of each person having custody

of such document. When used in reference to an act, event, occurrence, communication, statement

or conduct (hereinafter collectively referred to as "act") "identify," "state" and "describe" mean:

a)    To describe the event or events constituting such act;
b)    To state the date when such act occurred;
c)    To identify each person participating in such acts;
d)    To identify each other person, if any, present when such act occurred;
e)    To identify each document which in any way refers to, discusses, analyzes, comments upon or otherwise relates to such acts; and
f)    To state whether each such document now exists.

17.    <u>IDENTIFICATION OF DOCUMENT</u>. With respect to each Interrogatory, in

addition to supplying the information requested, you are to identify all documents that support,

refer to, or evidence the subject matter of each Interrogatory and your answer thereto.

If any documents identified herein are no longer in your possession, custody, or control

because of destruction, loss, or any other reason, then, with respect to each and every document:

a)    Describe the nature of the document (e.g., letter or memorandum);
b)    State the date of the document;
c)    Identify the persons who sent and received the original and a copy of the document;
d)    State in as much detail as possible the contents of the documents; and
e)    State the manner and date of disposition of the document.

If you contend that you are entitled to withhold from production any and all documents

identified herein on the basis of the attorney-client privilege, the work-product doctrine, or other

grounds, then, with respect to each and every document:

a)    Describe the nature of the document (e.g., letter or memorandum);
b)    State the date of the document;
c)    Identify the person who sent and received the original and a copy of the document;
d)    State the subject matter of the document; and
e)    State the basis upon which you contend you are entitled to withhold the document from production.

18.     <u>PERSON</u>.  As used herein, the term "person" means any natural person or any legal entity, including but not limited to any business or governmental entity, organization or association.

19.     <u>REPRESENTATIVE</u>.  As used herein, the term "representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person in question.

20.     <u>YOU</u>.  As used herein, the terms "you," "your," or "yourself" refer to Defendants Josh Warren and Toni Warren, including all of your agents, representatives, attorneys and each person acting on your behalf.

21.     <u>FRANCHISE AGREEMENT</u>.  As used herein, the term "Franchise Agreement" refers to the 1-Tom-Plumber Franchise Agreement between Plaintiff and Defendant Blue Ridge Plumbing and Drain LLC attached as Exhibit 1 to the Complaint.

22.     <u>FRANCHISE TERMINATION AGREEMENT</u>.  As used herein, the term "Franchise Termination Agreement, refers to 1 Tom Plumber Franchise Termination Agreement attached as Exhibit 2 to the Complaint.

23.     <u>COMPLAINT</u>.  As used herein, the term "Complaint" refers to the Verified Complaint for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction, and Other Relief filed by 1 Tom Plumber in this lawsuit.

24.     <u>DEFENDANT BUSINESSES</u>.  As used herein, the term "Defendant Businesses" refers to the businesses that 1 Tom Plumber seeks to enjoin from operating pursuant its Motion for Preliminary Injunction filed in this action, including Defendants Blue Ridge Plumbing and Drain LLC ("Blue Ridge Plumbing"), Blue Ridge Service Group LLC ("Blue Ridge Service"), Warren

8

Restoration, LLC ("Warren Restoration"), TLC Properties LLC ("TLC Properties"), TLC Service

Group, LLC ("TLC Service"), and Piedmont Plumbing and Drain, LLC ("Piedmont Plumbing").

      25.    <u>ASHEVILLE FRANCHISE</u>.  As used herein, the term "Asheville Franchise" refers

to the former 1 Tom Plumber franchise that operated in and around Asheville, North Carolina.

      26.    <u>COMPETING BUSINESS</u>.  As used herein, the term "Competing Business" refers

to "Competing Business" as referenced in Section 54(d) of the Franchise Agreement.

      27.    <u>CONFIDENTIAL INFORMATION</u>.  As used herein, the term "Confidential

Information" refers to "Confidential Information" as referenced in Section 54(e) of the Franchise

Agreement.

      28.    <u>FRANCHISED SYSTEM</u>.  As used herein, the term "Franchised System" refers to

"Franchised System" as referenced in Section 54(i) of the Franchise Agreement.

      29.    <u>OPERATING AREA</u>.  As used herein the term "Operating Area" refers to

"Operating Area" as referenced in Section 54(r) of the Franchise Agreement.

      30.    <u>OPERATIONS MANUAL</u>.  As used herein the term "Operations Manual" refers

to "Operations Manual" as referenced in Section 54(s) of the Franchise Agreement.

      31.    <u>PLUMBING SERVICES</u>.  As used herein, the term "Plumbing Services" refers to

"Plumbing Services" as referenced in Section 54(w) of the Franchise Agreement.

      32.    <u>SYSTEM STANDARDS</u>.  As used herein the term "System Standards" refers to

"System Standards" as referenced in Section 54(aa) of the Franchise Agreement.

      33.    The terms "and" and "or" shall be construed either conjunctively or disjunctively

as necessary to bring within the scope of the request all responses that might otherwise fall outside

the scope of this request.

      34.    The use of singular form includes plural, and vice versa.

9

35.     The use of present tense includes past tense, and vice versa.

36.     The use of capitalization, or lack thereof, for an above-defined term does not diminish, supplant, or otherwise revise the definitions set forth above.

### FIRST SET OF INTERROGATORIES

1.     State the full name and address of all persons who were consulted or provided information in the process of responding to these Interrogatories.

**ANSWER**:


2.     Identify every business that you own, manage, or operate, and in doing so, identify the date and state of incorporation, the business address, and the names and addresses of all co-owners, co-managers, or co-operators.

**ANSWER**:


3.     For each of the businesses identified above, describe the types of services or products quoted, offered, provided, or completed.

**ANSWER**:


4.     For each of the businesses identified above, identify all businesses that quote, offer, provide, or complete Plumbing Services.

**ANSWER**:

5.      For each of the businesses identified above that quote, offer, provide, or complete Plumbing Services, state whether or not such business quoted, offered, provided, or completed Plumbing Services before January 27, 2023.

**ANSWER**:


6.      For each of the businesses identified above that quote, offer, provide, or complete Plumbing Services, state whether or not such business quoted, offered, provided, or completed Plumbing Services within a 40-mile radius of the Operating Area after September 13, 2024.

**ANSWER**:


7.      For every instance after September 13, 2024, in which any of the businesses identified above quoted, offered, provided, or completed Services Plumbing Services to any person within a 40-mile radius of the Operating Area, state whether or not the customer was also a customer of the Asheville Franchise.

**ANSWER**:


8.      For every instance after September 13, 2024, in which any of the businesses identified above quoted, offered, provided, or completed Plumbing Services within a 40-mile radius of the Operating Area, identify the following:

a)      The date;

b)      The name of the independent business;

c)      The customer's name, address, and phone number;

d)      The Plumbing Services quoted, provided, or completed;

11

e)      The amount quoted for the Plumbing Services rendered;

f)      All discounts applied; and

g)      The amount invoiced for the Plumbing Services rendered; and

h)      The amount collected for the Plumbing Services rendered.

**ANSWER**:


9.      For each of the businesses identified above that quote, offer, provide, or complete Plumbing Services, describe all classroom-based and on-the-job training provided to its agents, representatives, or employees.

**ANSWER**:


10.      For each of the businesses identified above that quote, offer, provide, or complete Plumbing Services, identify all agents, representatives, or employees that were agents, representatives, or employees of the Asheville Franchise.

**ANSWER**:


11.      State whether or not Defendant Michael Perdue is an agent, representative, or employee of any of the businesses identified above, and if so, identify which business(es) and describe Mr. Perdue's title, role, and responsibilities.

**ANSWER**:

12.     State whether or not Defendant Trina Ellison is an agent, representative, or employee of any of the businesses identified above, and if so, identify which business(es) and describe Ms. Ellison's title, role, and responsibilities.

**ANSWER**:


13.     Identify each and every one of the customers or clients of the Asheville Franchise with whom you have had contact since September 13, 2024, and include the date and nature of the contact.

**ANSWER**:


14.     If you provided information to the Defendant Businesses or any third party concerning Plaintiff's Confidential Information, Franchised System, Operations Manual, System Standards, or any other trade secret, proprietary, and confidential information described in the Complaint, for each instance, state:

    a)     The name and address of such party;

    b)     The date you offered the information;

    c)     A description of the information offered; and

    d)     The reason you offered such information.

**ANSWER**:

15.     For all 1 Tom Plumber Confidential Information, Franchised System, Operations Manual, System Standards, or any other trade secret, proprietary, and confidential information described in the Complaint that you have used or shared in any capacity or to which you have had access since September 13, 2024, please state:

      a)     The information so used, shared, or accessed;

      b)     When such information was used, shared, or accessed; and

      c)     With whom such information was used, shared, or accessed.

**ANSWER**:


16.     Identify each and every document that you removed or copied or caused to be removed or copied from the premises or property of the Asheville Franchise from September 13, 2024, to the present, and provide the location of such information.

**ANSWER**:


17.     If you have disposed of, deleted, or destroyed or have any knowledge concerning the disposal of, deletion, or destruction of any documents or other material relating in any way to your communications with or relating or referring to 1 Tom Plumber, the Asheville Franchise, or the Defendant Businesses, or any of their agents or representatives, which in any way relates to the subject of Plaintiff's lawsuit, please identify such documents or other materials and your knowledge.

**ANSWER**:

14

18.     If you contend that you did not violate and are not continuing to violate the terms of the Franchise Agreement and Franchise Termination Agreement, please provide all facts, witnesses and evidence supporting this claim.

**ANSWER**:


19.     If you contend that you do not have a duty to comply with the Franchise Agreement and Franchise Termination Agreement, please provide all facts, witnesses and evidence supporting this claim.

**ANSWER**:

## FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      All Documents and Communications on which you referenced or relied upon in answering the Interrogatories.

**RESPONSE**:


2.      All Documents and Communications reflecting any agreement in which Plaintiff permitted you to operate an independent business that offers Plumbing Services while contemporaneously operating a 1 Tom Plumber franchise.

**RESPONSE**:


3.      All Documents and Communications reflecting any agreement in which Plaintiff permitted you to own, manage, or operate an independent business that offers Plumbing Services after your 1 Tom Plumber franchise was terminated.

**RESPONSE**:


4.      All Documents and Communications related to any Plumbing Services quoted, offered, provided, or completed at any time after September 13, 2024, by Blue Ridge Service Group LLC.

**RESPONSE**:


5.      As it pertains to Blue Ridge Service Group LLC, all Documents showing any accounts receivable since September 13, 2024.

**RESPONSE**:

6.      All Documents and Communications related to any Plumbing Services quoted, offered, provided, or completed at any time after September 13, 2024, by Warren Restoration, LLC.

**RESPONSE**:

7.      As it pertains to Warren Restoration, LLC, all Documents showing any accounts receivable since September 13, 2024.

**RESPONSE**:

8.      All Documents and Communications related to any Plumbing Services quoted, offered, provided, or completed at any time after September 13, 2024, by TLC Properties LLC.

**RESPONSE**:

9.      As it pertains to TLC Properties LLC, all Documents showing any accounts receivable since September 13, 2024.

**RESPONSE**:

10.     All Documents and Communications related to any Plumbing Services quoted, offered, provided, or completed at any time after September 13, 2024, by TLC Service Group, LLC.

**RESPONSE**:

11.     As it pertains to TLC Service Group, LLC, all Documents showing any accounts receivable since September 13, 2024.

**RESPONSE**:

12.     All Documents and Communications related to any Plumbing Services quoted, offered, provided, or completed at any time after September 13, 2024, by Piedmont Plumbing and Drain, LLC.

**RESPONSE**:

13.     As it pertains to Piedmont Plumbing and Drain, LLC, all Documents showing any accounts receivable since September 13, 2024.

**RESPONSE**:

14.     All Documents and Communications related to any Plumbing Services quoted, offered, provided, or completed at any time after September 13, 2024, by any other independent business owned, managed, or operated by you.

**RESPONSE**:

15.     As it pertains to any other independent business owned, managed, or operated by you, all Documents showing any accounts receivable since September 13, 2024.

**RESPONSE**:

16. All Documents, Communications or other record providing any information to Defendant Businesses or any third party concerning the Confidential Information, Franchised System, Operations Manual, System Standards, or any other trade secret, proprietary, and confidential information described in the Complaint.

**RESPONSE**:


17. All correspondence and/or Communications, dated between September 13, 2024, and the present, whether email, text or otherwise electronically stored or in some other form, between you and any representative of Defendant Businesses or any third party, or any of their agents, employers or business partners, and any Documents which refer or relate to such correspondence and/or Communication.

**RESPONSE**:


18. All Documents and Communications from September 13, 2024, to the present that refer to or relate to the Asheville Franchise.

**RESPONSE**:


19. All Documents and Communications from September 13, 2024, to the present that refer to or relate to Plaintiff.

**RESPONSE**:


20. All Documents and Communications between you and any representative of Defendant Businesses or any third party, or any of their agents, employers or business partners,

from September 13, 2024, to the present regarding 1 Tom Plumber Confidential Information, Franchised System, Operations Manual, System Standards, or any other trade secret, proprietary, and confidential information described in the Complaint.

**RESPONSE**:

                                        Respectfully submitted,

                                        */s/ Melissa A. Springer*
                                        Melissa A. Springer (0097978)
                                        Curtis L. Cornett (0062116)
                                        CORS & BASSETT, LLC
                                        201 East Fifth Street
                                        PNC Center, Suite 900
                                        Cincinnati, OH 45202
                                        Tel: (513) 852-8200 || Fax: (513) 852-8222
                                        mas@corsbassett.com
                                        clc@corsbassett.com

                                        David L. Prem (0037902)
                                        1019 Main Street
                                        Cincinnati, OH 45202
                                        Tel: (513) 381-1234 || Fax: (513) 381-1255
                                        attorney21@fuse.net

                                        ***Counsel for Plaintiff***
                                        ***1 Tom Plumber Global Inc.***

## <u>VERIFICATION</u>

I, Josh Warren, hereby state that the above Answers to Plaintiff's First Set of Interrogatories and Requests for Production of Documents are true and accurate to the best of my knowledge.

_____
Josh Warren


STATE OF NORTH CAROLINA           :
                                                      : ss
COUNTY OF _____   :

Sworn to and subscribed to in my presence this ____ day of _____, 2025.


_____
Notary Public
My Commission expires: _____

21

## <u>VERIFICATION</u>

I, Toni Warren, hereby state that the above Answers to Plaintiff's First Set of Interrogatories and Requests for Production of Documents are true and accurate to the best of my knowledge.

_____
Toni Warren


STATE OF NORTH CAROLINA     :
                                      : ss
COUNTY OF _____    :

Sworn to and subscribed to in my presence this ____ day of _____, 2025.


_____
Notary Public
My Commission expires: _____

22

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing is being served with the Verified Complaint for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction, and Other Relief, upon the following:

Blue Ridge Plumbing and Drain LLC
174 Bradley Branch Road, Ste 3
Arden, NC 28704
*Defendant*

Blue Ridge Service Group LLC
174 Bradley Branch Road, Suite 4
Arden, NC 28704
*Defendant*

Warren Restoration, LLC
9 Legend Drive
Arden, NC 28704
*Defendant*

TLC Properties LLC
201 Brandon Road
Hendersonville, NC 28739
*Defendant*

TLC Service Group, LLC
174 Bradley Branch Road, Suite 5
Arden, NC 28704
*Defendant*

Piedmont Plumbing and Drain, LLC
9 Legend Drive
Arden, NC 28704
*Defendant*

Josh Warren
201 Brandon Road
Hendersonville, NC 28739
*Defendant*

Toni Warren
201 Brandon Road
Hendersonville, NC 28739
*Defendant*

Michael Perdue
4 Eola Avenue
Asheville, NC 28806
*Defendant*

Trina Ellison
174 Bradley Branch Rd, Ste 3
Arden, NC 28704
*Defendant*

*/s/ Melissa A. Springer*
Melissa A. Springer (0097978)